UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BARBARA WADE**  CIVIL ACTION

**VERSUS**  NO. 18-5917

**LOWE'S HOME CENTER, INC.**  SECTION: "B"(3)

## ORDER AND REASONS

Plaintiff filed a motion to remand for lack of subject matter jurisdiction. *See* Rec. Doc. 8. Defendant filed an opposition. *See* Rec. Doc. 10. For the reasons discussed below,

**IT IS ORDERED** that the motion to remand is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

On October 21, 2016, Plaintiff tripped and fell at a Lowe's Home Center ("Lowe's") located in Jefferson, Louisiana. *See* Rec. Doc. 1 at 1. Specifically, Plaintiff claims that she tripped over "iron bolts sticking about one inch high out of the floor" while shopping in the garden section of the store. *See* Rec. Doc. 1-3 at 1. On or around October 16, 2017, Plaintiff filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging that employees of Lowe's rendered the store's premises defective. *See* Rec. Doc. 1-3.

On June 14, 2018, Defendant filed a notice of removal, alleging that this Court has jurisdiction over this case under 28

U.S. C. § 1332(a). *See* Rec. Doc. 1 at 4. Plaintiff does not dispute that complete diversity is met.[1] She alleges that the amount in controversy is not met. *See* Rec. Doc. 8. Defendant alleges that the amount in controversy is clearly met. *See* Rec. Doc. 10.

**LAW AND ANALYSIS**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party has the burden to establish the existence of jurisdiction. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*.

District courts have original jurisdiction over civil actions that meet both requirements of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). In other words, a civil action may be removed if

---

[1] Plaintiff is domiciled in Louisiana. *See* Rec. Doc. 1-3 at 1. Defendant is incorporated in North Carolina with its principal place of business in North Carolina. *See* Rec. Doc. 1 at 3.

(1) it is between citizens of different states and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost. *See id*.

A defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of evidence. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). A defendant may prove such by showing that it is facially apparent that the claims are likely above $75,000 or setting forth facts in controversy that support a finding of the requisite amount. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

Here, Defendant has set forth sufficient facts to prove that it is facially apparent that Plaintiff's claims are likely above $75,000. Plaintiff's contention that the amount in controversy is unknown and cannot be met on speculation is unconvincing. Plaintiff, in her original petition for damages, alleged damages for, *inter alia*, pain and suffering, medical expenses, hospital expenses, pharmaceutical expenses, and loss of enjoyment of life. Furthermore, as laid out in the removal notice (Rec. Doc. 1), Plaintiff has claimed several severe injuries, including injuries to both knees, cervical segmental dysfunction, lumbar segmental dysfunction, right elbow sprain, right shoulder sprain, and left wrist sprain. These claims support a finding of at least $75,000 in damages. *See Gebbia*, 233 F.3d at 883 (holding that similar allegations supported a monetary basis large enough to confer

removal jurisdiction). Therefore, this Court finds, with legal certainty, that the amount in controversy is met and this Court may exercise diversity jurisdiction over the above-captioned matter. This case will not be remanded.

Movant is reminded to avoid inconsistencies in written pleadings and argument. In using summary judgment standards to assess claimed injuries, medical and economic losses, conclusory argument must be supported by admissible factual evidence and comparable quantum analysis of damage awards from similar cases.

New Orleans, Louisiana, this 16th day of October, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE